IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES ALONZO TUNSTALL, )
)
       Plaintiff, )
)
       v. )    1:16CV1434
)
FRANK L. PERRY, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but failed to disclose the amount of deposits into his prison trust account during the past six months.

2. The Complaint does not appear to state a proper claim for relief, at least not one that can be brought in a separate case in this District. Most of Plaintiff's allegations relate to events that occurred more than three years prior to his filing of the Complaint and would, therefore, be barred by the applicable statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). To the extent that his

allegations fall within three years prior to the filing of the Complaint, it appears that some may relate to claims Plaintiff raised in a prior case, Tunstall v. Perry, No. 1:15CV226 (M.D.N.C.). He should raise them through a Motion to amend in that case, not file a new case. Finally, as discussed below, it appears that some of Plaintiff's claims should be brought in another district and not this Court.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). Also, to the extent that Plaintiff's claims are not barred by the statute of limitations or properly part of his prior case in this Court, the Court also notes that it appears that the potential defendants may be located in the Eastern District of North Carolina, where Plaintiff is housed. The events challenged in that portion of the Complaint are all alleged to have occurred at the Lumberton Correctional Institute and at the Central Prison Hospital, both in the Eastern District of North Carolina. Therefore, it appears that venue would be proper for those claims in the Eastern District of North Carolina, and Plaintiff may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: 310 New Bern Avenue, Room 574, Raleigh, NC 27601.[1]

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 12th day of June, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge